IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

**CITY OF PIKEVILLE,**

        **Plaintiff,**

v.                                          Civil Action No. 7:22-cv-00064-REW-EBA

**CEBRIDGE ACQUISITION, LLC,
CEQUEL III COMMUNICATIONS II, LLC,
& ALTICE USA,**

        **Defendants.**

## AMENDED COMPLAINT

Plaintiff, the City of Pikeville, by counsel Russell Davis, The Law Firm of Linda K. Ain, The Webb Law Centre, PLLC, Talcott Franklin P.C., and Franklin Scott Conway LLP, alleges the following against Cebridge Acquisition, LLC, and Cequel III Communications II, LLC, each d/b/a Suddenlink Communications, and Altice USA (collectively referenced as "Suddenlink" or "Defendants"), on information and belief:

1. This dispute concerns Suddenlink's failure to pay amounts owed for uncured and unpaid violations of Ordinance # 0-2009-022, which established a Suddenlink franchise in Pikeville for the operation of cable television.

**I.    PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff the City of Pikeville is a Kentucky municipality.

3. Defendant Cebridge Acquisition, LLC is a Delaware limited liability company with its principal place of business in Long Island City, New York and whose sole member is Cequel Communications III, LLC. Cequel Communications III, LLC is a Delaware limited liability company whose sole member is Cequel Communications, LLC. Cequel Communications, LLC is

Original content © 2022 Talcott Franklin P.C.
No claim to government works.

a Delaware limited liability company whose sole member is CSC Holdings, LLC. CSC Holdings, LLC is a Delaware limited liability company whose sole member is Cablevision Systems Corporation. Cablevision Systems Corporation is incorporated in Delaware and has its principal place of business in New York.

4. Defendant Cequel III Communications II, LLC ("Franchisee") is a Delaware limited liability company with its principal place of business in St. Louis, Missouri and whose sole member is Cebridge Connections, Inc. Cebridge Connections, Inc. is a Delaware corporation with its principal place of business in New York.

5. Defendant Altice USA is a Delaware corporation with its principal place of business in Long Island City, New York.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

7. Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district, where Suddenlink received its franchise. Suddenlink is a service provider and can be found in this judicial district, where it purports to provide cable television service, which it refers to as "Video Service" and other services.

## II. BACKGROUND

### A. The Franchise

8. On September 14, 2009, Pikeville adopted a resolution accepting the proposal of Cequel III Communications II, LLC d/b/a Suddenlink Communications for a non-exclusive ten

(10) year franchise for the operation of cable television system within the confines of the City of Pikeville. The resolution is attached as Exhibit 1.

9. The resolution noted that "the City of Pikeville, pursuant to Ordinance No. 0-2009-022 has created a non-exclusive franchise not to exceed ten (10) years for a cable television system to operate within the confines of the City of Pikeville." Ordinance No. 0-2009-022 is attached as Exhibit 2.

10. In 2015, Altice S.A. entered into a merger agreement with Cequel Corporation, the parent of Franchisee, whereby certain subsidiaries of Altice S.A. would acquire seventy percent (70%) of the issued and outstanding equity of Cequel Corporation.

11. A May 20, 2015 Suddenlink press release announcing the acquisition noted: "Suddenlink represents an excellent fit for the Altice Group and will benefit from the operational expertise, scale and investment support that are at the core of the Altice business model." https://altice.net/sites/default/files/pdf/689389.pdf.

12. The press release stated that Suddenlink had "a well invested, leading broadband network across its footprint, … [and] a strong operational and financial growth track record. Suddenlink's focus on service, innovation and investments provide a strong basis for extending its market leadership and growth momentum." *Id*.

13. On June 28, 2018, Altice USA, Inc. ("Altice") gave Pikeville notice of "a *pro forma* internal reorganization", which noted that the Franchisee a/k/a "Suddenlink still holds the cable service franchise in the City (the "Franchise") and is bound by its terms, which are unchanged by the Restructuring."

B. **Franchisee's Service Significantly Deteriorates After Altice Assumes Control**

14. The Altice S.A. purchase of Cequel Corporation and the benign-sounding "*pro forma* internal reorganization" placing Altice in control of Franchisee had dire consequences for cable service in Pikeville.

15. Altice's strategy is to purchase providers, like Suddenlink, that serve areas like Pikeville where few if any viable alternatives exist for phone, cable, and internet service, and then engage in severe cost-cutting that significantly reduces the quality of services offered.

16. Because of the dearth of alternatives, Altice also raises rates on its captive customers even as the service quality declines.

17. In 2015, analysts at ING wrote in a research note that Altice was aiming for $215 million in cost savings per year at Suddenlink, while *Reuters* stated that "Altice is expected to apply its usual formula at Suddenlink, namely aggressive cost cuts and attention to profit instead of volume of customers."   https://www.reuters.com/article/us-suddenlink-m-a-altice-idUSKBN0O50IG20150520.

18. By 2017, Altice USA CEO Dexter Goei bragged that Suddenlink had taken out at least half of the targeted costs, with more cuts to come.  "We're turning the screws a little more," Goei said, despite the facts that the low hanging cost cutting fruit had been picked and further reductions would severely impair service.  At the same time, Goei crowed that Suddenlink's 47.3% profit margins were the highest in the U.S. cable industry.  https://www.nexttv.com/news/altice-usa-closer-cost-cutting-goal-411418.

19. The high profits have not translated into adequate service for Suddenlink customers.  The American Customer Satisfaction Index Telecommunications Study (the "ACSI Study") published on June 8, 2021, "is based on interviews with 37,907 customers, chosen at random and contacted via email between April 1, 2020, and March 29, 2021. Customers are asked

to evaluate their recent experiences with the largest companies in terms of market share, plus an aggregate category consisting of 'all other'—and thus smaller—companies in those industries." According to the ACSI Study, Suddenlink ranked last in customer satisfaction for subscription television service, internet service providers, and landline phone service.

20. The 2021 ASCI Study did not comment on Suddenlink's performance, but the 2020 ASCI Study contained the following comment:  Subscription television service: "Despite a small uptick to 56, Suddenlink (Altice USA) remains in last place and customers find its bills harder to understand than any other pay TV provider."

21. Altice's Better Business Bureau page is similarly telling:



22. Interestingly, the reason Altice received 1.04 stars rather than 1.0 stars appears to be primarily due to customer errors in giving Altice more than one star.  For example:

Michael S  ★★★★★  10/02/2020
HORRIBLE. ABSOLUTELY HORRIBLE. UNPROFESSIONAL. DISCOURTEOUS. HORRIBLE.HORRIBLE.HORRIBLE.HORRIBLE.HORRIBLE. UNFORTUNATELY THEY ARE THE ONLY PROVIDER IN MY BUSINESS AREA. DID I MENTION HORRIBLE.

### C. Pikeville Gives Written Notice of Failure to Comply with the Franchise

23. On June 23, 2020, Pikeville Mayor James A. Carter sent notice to "Altice USA (dba "Suddenlink") in writing of Suddenlink's failures to comply with the certain provisions of the City's cable franchise ordinance ('Franchise') and the City's intent to access liquidated damage if said failures to comply with the Franchise are not cured." The notice is attached as Exhibit 3.

24. On July 8, 2020, Altice responded, denying any failures or claiming such failures were cured through its letter. The response is attached as Exhibit 4.

25. On July 15, 2020, Pikeville gave Altice notice of a public hearing, posted on July 17, 2020 and to be held on July 27, 2020, "to determine whether or not Cequel III Communications II, LLC d/b/a Suddenlink Communications ('Suddenlink') has violated any of the provisions of Ordinance # 0-2009-022". The notice added that "All interested parties, including Suddenlink, will be given an opportunity to speak." The notice of a public hearing is attached as Exhibit 5.

26. On July 27, 2020, Altice sent a second letter again denying any failures to comply with the ordinance or arguing such failures were cured. The second letter is attached as Exhibit 6.

27. At the July 27, 2020 hearing, the City Commissioners heard the evidence, including the evidence set forth in the exchange of correspondence set forth as Exhibits 3, 4, and 6, but also evidence presented at the public hearing. After hearing all the evidence, the City Commissioners concluded that Suddenlink failed to comply with specific sections of the ordinance.

28. Based on the determination by the City Commissioners, Pikeville adopted a resolution finding that Suddenlink violated the ordinance and owed liquidated damages. The resolution is attached as Exhibit 7.

29. Suddenlink failed to pay the liquidated damages. As of the filing of this Amended Complaint, Suddenlink owes over $1,200,000 in liquidated damages, which damages accrue daily.

## COUNT I
### (Declaratory Judgment / Injunction)

30. Plaintiff incorporates by reference the allegations contained in this Amended Complaint's preceding paragraphs.

31. An actual controversy exists between Defendants and Plaintiff concerning the payments for the breach of the franchise.

32. Pursuant to 28 U.S.C. § 2201, this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

33. Plaintiff seeks a declaration that due to Suddenlink's violations of the ordinance Suddenlink must pay Plaintiff liquidated damages as set forth in Exhibit 7.

34. Plaintiff further seeks an injunction enjoining Suddenlink from its continuing violations of the ordinance, and requiring Suddenlink to comply with the ordinance in providing services under the franchise.

## COUNT II
### (Breach of Franchise)

35. Plaintiff incorporates by reference the allegations contained in this Amended Complaint's preceding paragraphs.

36. Suddenlink entered into the franchise, which required complying with the ordinance.

37. Plaintiff performed its obligations under the franchise and the ordinance.

38. Suddenlink failed to perform its obligations to Plaintiff.

39. The ordinance calls for liquidated damages in the event Suddenlink fails to perform.

40. As a direct, proximate, and legal result of Suddenlink's violation of the ordinance, Plaintiff is owed liquidated damages.

## COUNT III
## (Indemnity)

41. Plaintiff incorporates by reference the allegations contained in this Amended Complaint's preceding paragraphs.

42. Under the ordinance, Suddenlink agreed to indemnify, hold harmless, and defend Plaintiff from any and all losses or claims of whatever kind that arise from or are alleged to have arisen, directly or indirectly, in whole or in part from the execution, performance or breach of the franchise by Suddenlink and its associated persons and entities.

43. The *losses* referenced in the ordinance included attorneys' fees and expenses, costs of litigation, and court and administrative agency costs.

44. Responding to overwhelming numbers of complaints and investigating Suddenlink's failure to comply with the ordinance imposed significant *losses* upon Plaintiff, as will enforcing the liquidated damages provision of the franchise.

45. As a direct and proximate cause of Suddenlink's failure to comply with the ordinance, Plaintiff is entitled to indemnity for its *losses*, including its attorneys' fees in bringing this action.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment against Defendants and in favor of Plaintiff and that it grant the requested equitable relief; all damages permissible under law, including punitive damages where warranted; attorneys' fees and costs; pre-judgment and post-judgment interest; and any further relief the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all claims and of all issues so triable.

Dated: November 16, 2022

　　/s/　　　　Charles R. "Rusty" Webb
Charles R. "Rusty" Webb +
The Webb Law Centre, PLLC #
716 Lee St. E.
Charleston, West Virginia 25301
(304) 344-9322
rusty@rustywebb.com

Russell H. Davis Jr.
KBA Bar #17265
Pikeville City Attorney
243 Main Street
Pikeville, KY 41501
(606) 437-6276
rdavis@bairdandbaird.com

Linda K. Ain
KBA Bar #83779
The Law Firm of Linda K. Ain
4205 Reserve Rd., #303
Lexington, KY 40514
(859) 806-0646
lindaain@twc.com

Franklin Scott Conway LLP °
Dennis C. Taylor [+]
1629 K St NW #300
Washington, DC 20006
(202) 688-3200
dennis@fsc.legal

Talcott Franklin P.C. [^]
Talcott J. Franklin [*]
100 Crescent Court, 7th Floor
Dallas, Texas 75201
(214) 642-9191
tal@talcottfranklin.com

[#] A West Virginia Professional Limited Liability Corporation.
[°] A Washington, D.C. Limited Liability Partnership.
[+] Licensed only in West Virginia. Admitted *Pro hac vice*
[*] Licensed only in Maine, Michigan, North Carolina, South Carolina (inactive), and Texas. Admitted *Pro hac vice*
[^] A Texas Professional Corporation.

Original content © 2022 Talcott Franklin P.C.
No claim to government works.

## CERTIFICATE OF SERVICE

      I hereby certify that on November 16, 2022, I caused to be filed the foregoing document with the Court through the Court's electronic filing system. Service of this filing will be made on all ECF- registered counsel by operation of the Court's electronic filing system, including:

Shannon A. Singleton (KBA No. 88764)
Monica H. Braun (KBA No. 93058)
STOLL KEENON OGDEN PLLC
300 West Vine Street
Suite 2100
Lexington, Kentucky 40507
(859) 231-3000
AJ.Singleton@skofirm.com
Monica.Braun@skofirm.com

and

Amy Richardson (*pro hac vice* submitted)
Walter E. Anderson (*pro hac vice* submitted)
William Sullivan (*pro hac vice* submitted)
HWG LLP
1919 M Street NW
Eighth Floor
Washington, DC 20036
(202) 730-1300
arichardson@hwglaw.com
wanderson@hwglaw.com
wsullivan@hwglaw.com


*/s/*          *Charles R. "Rusty" Webb*

Counsel for Plaintiff