## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **CITY OF PIKEVILLE** | |
| *Plaintiff,* | |
| v. | No. 7:22-cv-00064-REW-EBA |
| **CEBRIDGE ACQUISITION, LLC, CEQUEL III COMMUNICATIONS II, LLC, & ALTICE USA,** | |
| *Defendants.* | |

## DEFENDANT CEQUEL III COMMUNICATIONS II, LLC's
## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Cequel III Communications II, LLC ("Cequel")[1] hereby submits its Answer to the City of Pikeville's Amended Complaint (Dkt. No. 36). Unless expressly admitted below, all of Plaintiff's allegations are denied.

1.      Denied that Cequel has failed to pay any amounts owed to Plaintiff. Denied that Cequel violated any provision of Ordinance # 0-2009-022. Admitted that Ordinance # 0-2009-022 established a Cequel franchise in Pikeville, Kentucky for the operation of cable television.

---

[1] Plaintiff's Amended Complaint named two other entities—Cebridge Acquisition, LLC ("Cebridge"), and Altice USA ("Altice")—as defendants. On August 15, 2023, the Court dismissed all claims against Cebridge and Altice (Dkt. No. 41 at 3–11, 15–17), and Plaintiff did not appeal that ruling. Accordingly, only Cequel answers the Amended Complaint.

I.      **PARTIES, JURISIDCTION, AND VENUE**[2]

2.      Because this paragraph does not address information that is within Cequel's possession, custody, or control, Cequel cannot answer this paragraph's allegations.

3.      This allegation relates to a Defendant that has been dismissed from this action, and thus Cequel does not need to respond.

4.      Admitted.

5.      This allegation relates to a Defendant that has been dismissed from this action, and thus Cequel does not need to respond.

6.      Admitted.

7.      Admitted.

II.     **BACKGROUND**

   A.     **The Franchise**

8.      The resolution speaks for itself, and Cequel denies all characterizations and summaries of the resolution's contents.

9.      The resolution speaks for itself, and Cequel denies all characterizations and summaries of the resolution's contents.

10.     Admitted that Altice acquired a controlling interest in Cequel in 2015.  The remainder of the allegations in this paragraph are denied.

11.     Admitted that the hyperlink in this paragraph is directed to a May 20, 2015, press release.  The document speaks for itself, and Cequel denies any characterizations or inferences arising from selective quotations from the document.

---

[2] For ease of reference to the Amended Complaint, this Answer reproduces the Amended Complaint's headings verbatim.  In doing so, Cequel does not admit to the truth or accuracy of the language used in these headings.

12.     Admitted.

13.     Admitted that Altice gave Pikeville a notice of reorganization on June 28, 2018. The notice speaks for itself, and Cequel denies any characterizations or inferences arising from selective quotations from the notice.

**B.     Franchisee's Service Significantly Deteriorates After Altice Assumes Control**

14.     Denied.

15.     Denied.

16.     Denied.

17.     Admitted that the hyperlink in this paragraph is directed to a document that purports to be a 2015 research note written by analysts at ING.  The document speaks for itself, and Cequel denies any characterizations or inferences arising from selective quotations from the document.

18.     Admitted that the hyperlink in this paragraph is directed to an article that purports to quote from a 2017 interview with Dexter Goei.  The article speaks for itself, and Cequel denies any characterizations or inferences arising from selective quotations or paraphrasing from the article.

19.     Cequel lacks the information needed to admit or deny this paragraph's allegations relating to the ASCI Study, and on that basis, those allegations are denied.  The remainder of the allegations in this paragraph are denied.

20.     Cequel lacks the information needed to admit or deny this paragraph's allegations relating to the ASCI Study, and on that basis, those allegations are denied.

21.     Cequel lacks the information needed to admit or deny this paragraph's allegations relating to the Better Business Bureau's web page, and on that basis, those allegations are denied.

22.     Cequel lacks the information needed to admit or deny this paragraph's allegations relating to the Better Business Bureau's web page, and on that basis, those allegations are denied.

**C.     Pikeville Gives Written Notice of Failure to Comply with the Franchise**

23.     Denied that the allegations of purported failures to comply are accurate. Admitted as to the remainder.

24.     Admitted that, on July 8, 2020, Altice submitted the response attached as Exhibit 4 to the Amended Complaint.  The response speaks for itself, and Cequel denies all characterizations and summaries of the response's contents.

25.     Admitted that, on July 15, 2020, Pikeville gave Altice notice of a public hearing. The notice speaks for itself, and Cequel denies any characterizations or inferences arising from selective quotations from the notice.

26.     Admitted that, on July 27, 2020, Altice submitted a second letter.  The letter speaks for itself, and Cequel denies all characterizations and summaries of the letter's contents.

27.     Admitted that Pikeville's City Commissioners voted to adopt a resolution alleging that Cequel failed to comply with certain sections of the ordinance.  Cequel lacks the information needed to admit or deny the remainder of the allegations in this paragraph, and on that basis, they are denied.

28.     Admitted that Pikeville adopted the resolution attached as Exhibit 7 to the Amended Complaint.  Denied that the allegations set forth in the resolution established that Cequel violated the ordinance or owed liquidated damages.  Denied that Pikeville adhered to the procedures for determining that liquidated damages were owed or for assessing liquidated damages.

4

29.     Admitted that Cequel has not paid any liquidated damages.  Denied that Cequel owes any amount in liquidated damages.  Denied that any liquidated damages accrue daily.

## COUNT I
### (Declaratory Judgment / Injunction)

30.     Cequel incorporates by reference the allegations contained in this Answer's preceding paragraphs.

31.     Admitted that Plaintiff has alleged a controversy concerning payments under the franchise.  Denied that such a controversy exists.

32.     This paragraph states a legal conclusion to which no response is required, and on that basis, it is denied.

33.     On August 15, 2023, this Court dismissed Plaintiff's claim for relief sought in this Count.  (Dkt. No. 41 at 18–20).  On April 25, 2024, the Sixth Circuit Court of Appeals affirmed that dismissal.  *City of Pikeville v. Cebridge Acquisition, LLC*, Case No. 23-5770, Dkt. No. 32 (6th Cir. Apr. 25, 2024).  Accordingly, Cequel does not need to respond to this paragraph.

34.     On August 15, 2023, this Court dismissed Plaintiff's claim for relief sought in this Count.  (Dkt. No. 41 at 18–20).  On April 25, 2024, the Sixth Circuit Court of Appeals affirmed that dismissal.  *City of Pikeville v. Cebridge Acquisition, LLC*, Case No. 23-5770, Dkt. No. 32 (6th Cir. Apr. 25, 2024).  Accordingly, Cequel does not need to respond to this paragraph.

## COUNT II
### (Breach of Franchise)

35.     Cequel incorporates by reference the allegations contained in this Answer's preceding paragraphs.

36.     Through much of the complaint, Plaintiff uses "Suddenlink" to refer to Cequel, Cebridge, and Altice collectively.  For the purposes of this paragraph, Cequel will treat references to Suddenlink as referring to Cequel alone and responds on that basis.  Both the

franchise and ordinance speak for themselves, and Cequel denies any attempt to characterize any provision of the franchise or ordinance.

37.     Cequel does not currently have the information needed to admit or deny the allegations stated in this paragraph, and on that basis, they are denied.

38.     Through much of the complaint, Plaintiff uses "Suddenlink" to refer to Cequel, Cebridge, and Altice collectively.  For the purposes of this paragraph, Cequel will treat references to Suddenlink as referring to Cequel alone and responds on that basis.  Although this paragraph states a legal conclusion to which no response is required, Cequel denies that it failed to perform its obligations to Plaintiff.

39.     This ordinance speaks for itself, and Cequel denies any attempt to characterize any provision of the ordinance.

40.     This paragraph states a legal conclusion to which no response is required, and on that basis, it is denied.  Cequel denies that Plaintiff is entitled to any relief sought in Count II.

## COUNT III
### (Indemnity)

41.     Cequel incorporates by reference the allegations contained in this Answer's preceding paragraphs.

42.     This ordinance speaks for itself, and Cequel denies any attempt to characterize any provision of the ordinance.

43.     This paragraph states a legal conclusion to which no response is required, and on that basis, it is denied.

44.     Denied.

45.     This paragraph states a legal conclusion to which no response is required, and on that basis, it is denied.  Cequel denies that Plaintiff is entitled to any relief sought in Count III.

6

Cequel need not respond to Plaintiff's request for relief but denies any factual allegations set forth in this paragraph and denies that Plaintiff is entitled to any relief in this proceeding.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense (Failure to State a Claim)

1.      Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense (Estoppel, Laches, Waiver)

2.      Plaintiff, through its acts and failures to act, is barred from recovery by the doctrines of estoppel, laches, and/or waiver.

### Third Affirmative Defense (Unenforceable Penalty)

3.      Plaintiff's requested liquidated damages represent an unenforceable penalty.

### Fourth Affirmative Defense (Ripeness)

4.      Because Cequel has not yet exercised its right to appeal Plaintiff's resolution, Plaintiff's claims in this action are not ripe.

### Fifth Affirmative Defense (Absence of Condition Precedent)

5.      Because Cequel has challenged Plaintiff's alleged breaches of the ordinance, Plaintiff cannot seek liquidated damages.

## ADDITONAL DEFENSES

6.      Cequel reserves the right to assert additional affirmative defenses as they become known through further investigation and discovery.

May 9, 2024                          Respectfully submitted,

                                 /s/ Walter E. Anderson
                                 Amy Richardson (pro hac vice)
Walter E. Anderson (pro hac vice)
William B. Sullivan (pro hac vice)
HWG LLP
1919 M Street NW
Eighth Floor
Washington, DC 20036
(202) 730-1300
arichardson@hwglaw.com
wanderson@hwglaw.com
wsullivan@hwglaw.com

Shannon A. Singeton (KBA No. 88764)
Monica H. Braun (KBA No. 93058)
STOLL KEENON OGDEN PLLC
300 West Vine Street
Suite 2100
Lexington, Kentucky 40507
(859) 231-3000
AJ.Singleton@skofirm.com
Monica.Braun@skofirm.com

Counsel for Cequel

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2024, I filed the foregoing document with the Court through the Court's electronic filing system.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.

                                 /s/ Walter E. Anderson
                                 Counsel for Cequel