UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **CITY OF PIKEVILLE**<br><br>*Plaintiff*,<br><br>v.<br><br>**CEBRIDGE ACQUISITION, LLC, CEQUEL III COMMUNICATIONS II, LLC, & ALTICE USA,**<br><br>*Defendants*. | No. 7:22-cv-00064-REW-EBA |

### PARTIES' JOINT RULE 26(f) REPORT

In accordance with Federal Rule of Civil Procedure 26(f) and this Court's May 17, 2024 Order, counsel for the parties City of Pikeville ("Pikeville") and Cequel III Communications II LLC ("Cequel") conferred on June 6, 2024 and submit the following report of their meeting for the Court's consideration. The parties below identify the areas on which they were able to reach agreement and, when they could not agree, present each party's position.

**I.     Discussion of Claims, Defenses and Relevant Issues**

Defendant Cequel is a cable television provider. In 2009, Pikeville passed an Ordinance giving Cequel a franchise to provide cable service to Pikeville residents (the "Franchise"). In 2020, Pikeville communicated with Cequel about alleged performance issues with Cequel's cable service and other alleged violations of the Franchise. Cequel responded, denying any failures or violations. After further communications and proceedings, Pikeville's City Commission adopted a Resolution stating that Cequel had violated provisions of Pikeville's Franchise and owed liquidated damages.

In July 2022, Pikeville filed a complaint against Cequel and two affiliated entities, seeking liquidated damages and other relief. That complaint asserted claims for (1) Declaratory Judgment; (2) Breach of Franchise, and (3) Indemnity. Defendants moved to dismiss Pikeville's complaint and, on August 15, 2023, this Court dismissed Pikeville's complaint with prejudice. Pikeville appealed the dismissal as to Cequel to the Sixth Circuit Court of Appeals but did not appeal the dismissal of the affiliated entities. After briefing, on April 24, 2024, the Sixth Circuit affirmed the dismissal of the Declaratory Judgment count but reversed the dismissal of the Breach of Franchise and Indemnity Counts, and remanded for further proceedings.

On May 9, 2024, Cequel filed its Answer, denying that it violated the Franchise and that Pikeville is entitled to indemnity or the other relief it seeks.

## II.   Initial Disclosures

The parties expect to exchange initial disclosures on June 27, 2024.

## III.   Fact Discovery

The parties propose to complete fact discovery by June 13, 2025.

## IV.   Expert Disclosures and Reports

The parties propose that Plaintiff serve its expert disclosures and reports by August 13, 2025, and that Defendant serve its expert disclosures and reports by October 13, 2025. The parties propose that Defendant be permitted to depose any expert[s] disclosed by Plaintiff prior to submitting Defendant's expert disclosures and reports, and that Plaintiff be permitted to depose any expert[s] disclosed by Defendant promptly after Defendant makes its disclosures.

## V.   Electronic Discovery

The parties have conferred about e-discovery and expect to reach agreement on the conduct of discovery involving electronically stored information ("ESI").

## VI. Summary Judgment Motions

The parties propose to file any motions for summary judgment by February 6, 2026, following the close of expert discovery.

## VII. Early Settlement or Resolution

The parties participated in mediation with the Sixth Circuit prior to appellate briefing but were unable to resolve the matter. Representatives of the parties intend to have a dialogue about possible resolution of the matter informally. If those communications prove unsuccessful at resolving the matter, the parties agree to participate in private mediation.

## VIII. Trial

### A. Plaintiff's Position

If the case proceeds as a collection action, Plaintiff could put on its case in half a day.[1] If the case requires Plaintiff to try the underlying merits of Defendant's compliance with the ordinance, Plaintiff expects approximately 30 minutes of direct testimony from each of 20-30 customer witnesses, approximately two hours of direct testimony from a city official, approximately two hours testimony from an expert witness, and approximately three hours of testimony from a (hostile) 30(b)(6) witness from Defendant.

### B. Defendant's Position

Cequel currently estimates that trial in this matter would take seven days. Pikeville has suggested that it may move to amend its complaint, but has not provided Cequel with a proposed amendment. As a result, Cequel cannot yet evaluate whether the potential amendment would (if permitted) increase Cequel's estimate of the necessary time for trial.

---

[1] Plaintiff concedes that the Court would need to approve Plaintiff filing an amended complaint before Plaintiff could pursue the case as a collection action.

VII.   **Consent to Jurisdiction of the Magistrate Judge.**

   A. **Plaintiff's Position**

   Plaintiff is willing to consent to the jurisdiction of Magistrate Judge Smith.

   B. **Defendant's Position**

   Defendant does not consent to the jurisdiction of the Magistrate Judge.

VIII.   **Discovery and Objections**

The parties agree to meet and confer in good faith to attempt to resolve any discovery disputes prior to bringing any such issues to the attention of the Court. The parties agree to the following process in initiating such discussions: counsel wishing to confer will send an email to opposing counsel requesting a conference about the issue and describing briefly its position on the issue. Neither Party may submit such an email (or any response thereto) to the Court. The parties will agree to a time and place for a conference, and the parties will confer prior to filing any motion concerning the discovery dispute.

The parties expect that confidential material is likely to be exchanged as part of discovery in this case, and will attempt to negotiate a mutually-agreeable Protective Order to submit to the Court.

| | |
|---|---|
| June 17, 2024 | Respectfully submitted, |
| /s/ Talcott J. Franklin | /s/ William B. Sullivan |
| Talcott J. Franklin | Amy Richardson (pro hac vice) |
| Franklin Scott Conway LLP | Walter E. Anderson (pro hac vice) |
| 1629 K Street NW, Suite 300 | William B. Sullivan (pro hac vice) |
| Washington, DC 20006 | HWG LLP |
| (202) 688-3200 | 1919 M Street NW |
| tal@tfpc.me | Eighth Floor |
| | Washington, DC 20036 |
| Charles R. Webb | (202) 730-1300 |
| The Webb Law Center, PLLC | arichardson@hwglaw.com |
| 716 Lee Street E. | wanderson@hwglaw.com |

Case: 7:22-cv-00064-DLB-CJS   Doc #: 50   Filed: 06/17/24   Page: 5 of 6 - Page ID#: 347

Charleston, WV 25301
(304) 344-9322
rusty@rustywebb.com

Dennis Cleveland Taylor
Taylor Conway Price PLLC
831 Fourth Avenue, Suite 201
Huntington, WV 25701
(304) 541-0032
dennis@taylorconwayprice.com

Linda Katz Ain
The Law Firm of Linda K. Ain
4205 Reserve Road, No. 303
Lexington, KY 40514
(859) 806-0646
lindaain@twc.com

Russell H. Davis, Jr.
Baird & Baird, PSC
162 Second Street, P.O. Box 351
Pikeville, KY 41502-351
(606) 437-6383
rdavis@bairdandbaird.com

Counsel for the City of Pikeville

wsullivan@hwglaw.com

Shannon A. Singeton (KBA No. 88764)
Monica H. Braun (KBA No. 93058)
STOLL KEENON OGDEN PLLC
300 West Vine Street
Suite 2100
Lexington, Kentucky 40507
(859) 231-3000
AJ.Singleton@skofirm.com
Monica.Braun@skofirm.com

Counsel for Cequel III Communications II LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on counsel of record via ECF on June 17, 2024.

                        /s/ *William B. Sullivan*
                        William B. Sullivan